1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVEN MARTIN OWEN,
                                         No. CIV S-06-2531 DFL DAD PS
11            Plaintiff,

12       v.                              ORDER AND

13   UNITED STATES OF AMERICA,           FINDINGS AND RECOMMENDATIONS

14            Defendant.

15   _____/

16            This case, which was referred to the undersigned pursuant to Local Rule 72-

17   302(c)(21), came before the court on January 12, 2007, for hearing of defendant's motion to

18   dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1).  Defendant seeks

19   dismissal for lack of subject matter jurisdiction due to plaintiff's failure to exhaust administrative

20   remedies as required by the Federal Tort Claims Act.  Bobbie J. Montoya appeared for defendant.

21   No appearance was made at the hearing by plaintiff.

22            For the reasons stated below, the undersigned recommends that defendant's

23   motion to dismiss be granted.

24                           BACKGROUND

25            Plaintiff commenced this action on October 11, 2006, by filing a complaint in the

26   Small Claims Division of the Sacramento Superior Court.  In his form complaint, plaintiff

1

1   alleges that Casey L. McEnry and Jeanne Allen owe him $2,500.00 because they caused an

2   electronic device to be placed in plaintiff's ear against his will while he was under gas at a

3   dentist's office, resulting in severe health problems.  Plaintiff alleges that he did not ask the

4   defendants for payment prior to bringing suit.

5          Defendants McEnry and Allen removed the case to federal court on November 9,

6   2006 on the following grounds:  plaintiff seeks tort damages; the defendants are employees of the

7   U.S. Department of Justice, Drug Enforcement Administration; defendants were acting within

8   the scope of their employment at the time of the alleged incident; the remedy for plaintiff's claim

9   for damages is an action against the United States pursuant to 28 U.S.C. § 1346(b); United States

10  district courts have exclusive jurisdiction over such actions; actions against the United States or

11  any agency or officer thereof may be removed pursuant to 28 U.S.C. § 1442(a)(1).  Upon

12  removal of this case to the district court, defendants McEnry and Allen filed a certification of

13  scope of federal employment and substituted the United States of America as defendant.

14         On November 21, 2006, this court granted defendant's request for an extension of

15  time to respond to plaintiff's complaint.  The court also set a status conference for March 9,

16  2007.

17         Defendant filed its motion to dismiss on December 4, 2006.  Plaintiff has not filed

18  opposition or any other response to defendant's motion.  Nor did plaintiff appear for the hearing

19  of the motion on January 12, 2007.  Plaintiff has not filed any document in this action or

20  participated in this case in any manner since it was removed from state court.

21         DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

22  I.  Legal Standards

23         Federal Rule of Civil Procedure 12(b)(1) allows a party to raise the defense, by

24  motion, that the court lacks jurisdiction over the subject matter of a claim.  "A motion to dismiss

25  for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be

26  made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."

1   Thornhill Publ'g Co. v. General Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979).  When a

2   Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption

3   of truthfulness attaches to plaintiff's allegations.  Id.  "[T]he district court is not restricted to the

4   face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve

5   factual disputes concerning the existence of jurisdiction."  McCarthy v. United States, 850 F.2d

6   558, 560 (9th Cir. 1988).  The burden of proof on such a Rule 12(b)(1) motion is on the party

7   asserting jurisdiction.  Thornhill Publ'g Co., 594 F.2d at 733.

8   II.  Analysis

9       Plaintiff's complaint seeks damages against the United States.  No court has

10  jurisdiction to award relief against the United States unless such relief is expressly authorized by

11  statute.  United States v. King, 395 U.S. 1, 4 (1969) (citing United States v. Sherwood, 312 U.S.

12  584, 586-87 (1941)).  "The question whether the United States has waived its sovereign

13  immunity against suits for damages is, in the first instance, a question of subject matter

14  jurisdiction."  McCarthy, 850 F.2d at 560.  Absent such a waiver, the action must be dismissed

15  for lack of subject matter jurisdiction.  Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).

16      "The terms of the United States' consent to be sued in any court define that

17  court's jurisdiction to entertain the suit."  Cato v. United States, 70 F.3d 1103, 1107 (9th Cir.

18  1995) (citing F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)).  Although the Federal Tort Claims

19  Act waives the sovereign immunity of the United States for actions in tort, the Act provides that

20  no suit shall be instituted under the Act "unless the claimant shall have first presented the claim

21  to the appropriate Federal agency and his claim shall have been finally denied by the agency in

22  writing" or the agency fails to make a final disposition of the claim within six months after it was

23  filed.  28 U.S.C. § 2675(a).  Exhaustion of administrative remedies is a jurisdictional prerequisite

24  to an FTCA suit in federal court.  Bruns v. National Credit Union Admin., 122 F.3d 1251, 1254

25  (9th Cir. 1997); Jerves v. United States, 966 F.2d 517, 519 (9th Cir. 1992).

26  /////

1    Plaintiff, who bears the burden of proving a jurisdictional basis for his action, has

2   not alleged exhaustion of administrative remedies, has not opposed defendant's removal of this

3   case from state court, and has not opposed defendant's motion to dismiss for failure to exhaust

4   administrative remedies on his claims.  Defendant has presented a declaration by the custodian of

5   agency records related to the filing, evaluation, and disposition of administrative claims

6   presented to DEA under the FTCA.  Declarant Goldman states that a careful search of the records

7   shows that plaintiff has not presented any administrative claim to DEA for money damages

8   arising out of the incident alleged in his complaint filed in Small Claims Court.  Plaintiff has not

9   offered evidence that he exhausted administrative remedies and has not demonstrated that this

10   court has jurisdiction to entertain his suit.

11    Having considered plaintiff's complaint and all written materials submitted in

12   connection with defendant's motion to dismiss, the undersigned finds that the motion should be

13   granted.  In light of defendant's evidence of non-exhaustion, it does not appear that plaintiff can

14   cure the defect of his pleading at this time.  The action should therefore be dismissed.

15    Defendant requests dismissal with prejudice on the ground that amendment would

16   be futile.  Defendant asserts that plaintiff's claim of assault and battery, even if exhausted, would

17   be subject to dismissal for lack of subject matter jurisdiction because the claim falls within the

18   enumerated exceptions to the FTCA's general waiver of sovereign immunity.  Defendant cites

19   the statutory provision that the waiver of immunity does not apply to claims "arising out of

20   assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel,

21   slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).

22   Defendant acknowledges that there is an exception to the assault and battery exception but

23   asserts that the exception applies only to a claim alleging that the tort occurred in the course of

24   investigative or law enforcement activity.  Defendant argues that the plaintiff in this case has not

25   alleged that the DEA agents had an electronic device inserted in his ear while he was under gas at

26   the dentist's office in the context of investigative or law enforcement activities.

1    Though it is extremely unlikely that plaintiff could state a cognizable claim, on

2    the present record, the undersigned declines to speculate on whether plaintiff could plead that the

3    claim arose in the context of investigative or law enforcement activities.  The undersigned will

4    recommend that this action be dismissed for lack of subject matter jurisdiction due to plaintiff's

5    failure to exhaust administrative remedies and that the dismissal be without prejudice.  In light of

6    these recommendations, the pending status conference will be vacated.

7    Accordingly, IT IS HEREBY ORDERED that the status conference set for March

8    9, 2007, at 11:00 a.m. before the undersigned in Courtroom 27 is vacated; and

9    IT IS RECOMMENDED that:

10    1.  Defendant's December 4, 2006 motion to dismiss for lack of subject matter

11    jurisdiction due to failure to exhaust administrative remedies be granted; and

12    2.  This action be dismissed without prejudice.

13    These findings and recommendations will be submitted to the United States

14    District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

15    ten (10) days after being served with these findings and recommendations, either party may file

16    written objections with the court.  Such a document should be captioned "Objections to

17    Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be served

18    and filed within ten (10) days after service of the objections.  The parties are advised that failure

19    to file objections within the specified time may waive the right to appeal the District Court's

20    order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21    DATED: February 27, 2007.

22

23                                                    Dale A. Drozd

24                                                    DALE A. DROZD
                                                      UNITED STATES MAGISTRATE JUDGE
25    DAD:kw
      Ddad1\orders.prose\owen2531.ord.f&r
26